IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANNY A. CUNNINGHAM,

    Petitioner,

v.                                                                                                No. CV 17-0354 LH/LAM

V. HORTON,

    Respondent.

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court on Petitioner Danny A. Cunningham's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody, filed on March 20, 2017, which challenges Petitioner's conviction and sentence in *State of New Mexico v. Cunningham*, CR-98-123. [*Doc. 1*] For the following reasons, the Court will require Petitioner to show cause why his § 2254 petition should not be dismissed as untimely under 28 U.S.C. § 2244(d)(1)(A).

The following facts are derived from the face Petitioner's § 2254 petition. *See Kilgore v. Att'y Gen. of Colorado*, 519 F.3d 1084, 1089 (10th Cir. 2008) (noting that a district court can dismiss a habeas petition *sua sponte* if "untimeliness is clear from the face of the petition"). On October 22, 1998, Petitioner was convicted of murder in the Fifth Judicial District Court of the State of New Mexico and, on November 30, 1998, Petitioner was sentenced to life in prison. *See* [*Doc. 1* at 1]. Petitioner's conviction was affirmed by the New Mexico Supreme Court on March 9, 2000, and Petitioner did not file a petition for writ of certiorari in the United States

Supreme Court. *See id.* at 2-3. Approximately eleven years later, on August 29, 2011, Petitioner filed his first state habeas petition in the Fifth Judicial District Court of the State of New Mexico. *See id.* at 3. Petitioner's state habeas petition was denied on January 29, 2015 and his writ of certiorari to the New Mexico Supreme Court was denied on December 22, 2015. *See id.* at 3-4.

Title 28 of the United States Code, section 2244(d) imposes a "1-year limitation" on "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one-year limitation begins to run, in relevant part, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The New Mexico Supreme Court affirmed Defendant's conviction on March 9, 2000, and, therefore, Defendant's conviction became final ninety-days later, on June 7, 2000, after the expiration of the time to file a petition for writ of certiorari in the United States Supreme Court. *See* U.S. Sup. Ct. R. 13.1 (providing that a petition for a writ of certiorari to review a judgment of a state court of last resort is timely filed "within 90 days after the entry of judgment"); *see also Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding, under § 2244(d)(1)(A), that "a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until - following a decision by the state court of last resort - after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed") (internal quotation marks and citations omitted). Thus, the one-year limitation period for Defendant to file a § 2254 petition expired on June 7, 2001.

The Court recognizes that the one-year limitation period is subject to statutory tolling during the time in which "a properly filed application for State post-conviction or other collateral

review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). However, a state habeas petition submitted *after* the expiration of the one-year limitation period "does not toll the limitations period." *Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) (unpublished). In the present case, Petitioner's state habeas petition was filed on August 29, 2011, more than ten years after the expiration of the one-year limitation period and, therefore, Petitioner is not entitled to statutory tolling under § 2244(d)(2).

The Court further recognizes that the one-year limitation period in § 2244(d) is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is appropriate only in "rare and exceptional circumstances" (*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)), and "a garden variety claim of excusable neglect" is not enough to warrant application of the doctrine (*Holland*, 560 U.S. at 651 (internal quotation marks and citation omitted)).

Based on the foregoing, the Court will afford Petitioner an opportunity to explain why the doctrine of equitable tolling may be applicable to his § 2254 petition and why it should not be dismissed as untimely under § 2254(d)(1)(A).[1] **Failure timely to respond to this Order or otherwise show cause may result in the dismissal of Petitioner's § 2254 petition without further notice.**

---

[1] In his § 2254 petition, Petitioner appears to make an equitable tolling argument, explaining that he was diagnosed with prostate cancer in October 2014, he spent most of 2015 seeking and waiting for treatment, and he was transferred to Guadalupe County Correctional Facility in March 2016. *See* [*Doc. 1* at 23-24]. However, these events occurred more than thirteen years after the expiration of the one-year limitation period on June 7, 2001 and, therefore, are insufficient to invoke the doctrine of equitable tolling.

**IT IS THEREFORE ORDERED** that, **within thirty (30) days of the date of this Order**, Petitioner shall file a response showing cause, if any exists, why his § 2254 petition should not be dismissed as untimely.

**IT IS FURTHER ORDERED** that, if Petitioner fails to show cause within thirty days, **the Court may dismiss his § 2254 Petition as untimely without further notice**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ
UNITED STATES MAGISTRATE JUDGE**