# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DANNY A. CUNNINGHAM,

    Petitioner,

  v.                                                                         CIV No. 17-00354 LH/KRS

V. HORTON,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Petitioner Danny A. Cunningham's response to Magistrate Judge Lourdes A. Martinez's Order To Show Cause. [Docs. 7, 8] On April 27, 2017, Magistrate Judge Martinez ordered Petitioner to show cause why his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as untimely under § 2244(d)(1)(A), because it was filed more than fifteen years after Petitioner's state conviction had become final. [Doc. 5] In his response, Petitioner explains that he spent more than ten years attempting to exhaust his state court remedies by filing a state habeas petition, but "three lawyers and three inmate advocacy programs caused extraordinary long delays. One lawyer died, two did nothing, and two advocacy programs ran out of funding." [Doc. 7 at 7] Petitioner finally filed his state habeas petition in 2011, the petition was denied in 2015, and the New Mexico Supreme Court denied Petitioner's petition for writ of certiorari on December 22, 2015. [Doc. 7 at 8] Petitioner asks the Court to toll the one-year limitation period because he "did everything [he] could as fast as possible." [Doc. 7 at 8] The Court concludes that Petitioner is not entitled to equitable tolling and, therefore, Petitioner's § 2254 petition will be dismissed as untimely, a certificate of

appealability will be denied, and judgment will be entered.

On March 20, 2017, Petitioner filed a § 2254 petition challenging his conviction and sentence in *State of New Mexico v. Cunningham*, D-503-CR-1998-123. [Doc. 1] According to his § 2254 petition, Petitioner was convicted of murder and sentenced to life in prison in 1998. [Doc. 1] *See Kilgore v. Att'y Gen. of Colorado*, 519 F.3d 1084, 1089 (10th Cir. 2008) (noting that a district court can dismiss a habeas petition *sua sponte* if "untimeliness is clear from the face of the petition"). Petitioner's conviction was affirmed by the New Mexico Supreme Court on March 9, 2000 and Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. [Doc. 1 at 2-3] More than ten years later, on August 29, 2011, Petitioner filed his first state habeas petition in the Fifth Judicial District Court of the State of New Mexico. [Doc. 1 at 3] Petitioner's state habeas petition was denied on January 29, 2015 and his writ of certiorari to the New Mexico Supreme Court was denied on December 22, 2015. [Doc. 1 at 3-4]

On April 27, 2017, Magistrate Judge Martinez ordered Petitioner to show cause why his § 2254 petition should not be dismissed as untimely. [Doc. 5] Magistrate Judge Martinez explained that 28 U.S.C. § 2244(d) imposes a one-year limitation period on § 2254 petitions, which begins to run, in relevant part, from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." [Doc. 5 at 2 (quoting § 2244(d)(1)(A))]. Defendant's conviction became final on June 7, 2000 – ninety days after his conviction was affirmed on appeal by the New Mexico Supreme Court. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that "a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until – following a decision by the state court of last resort – after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for

2

certiorari with the Supreme Court has passed") (internal quotation marks and citations omitted); U.S. Sup. Ct. R. 13.1 (providing that a petition for writ of certiorari must be filed within 90 days of the entry of judgment). Therefore, the one-year limitation period for filing a § 2254 petition expired on June 7, 2001.

The present § 2254 petition was not filed until March 20, 2017, more than fifteen years after the one-year limitation period had expired. Furthermore Petitioner did not initiate state post-conviction proceedings until August 29, 2011, more than ten years after the one-year limitation period had expired. Although the one-year limitation period may be tolled during the pendency of state post-conviction proceedings pursuant to § 2244(d)(2), a state petition filed *after* the expiration of the one-year limitation period does not toll the limitations period. *See Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) (unpublished). Therefore, Petitioner's § 2254 petition is untimely, unless the doctrine of equitable tolling applies.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is appropriate only in "rare and exceptional circumstances," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000), and "the petitioner bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence," *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Petitioner contends that the one-year limitation period should be tolled because he spent more than ten years diligently attempting to pursue the exhaustion of his state remedies by filing a state habeas petition, but "three lawyers and three inmate advocacy programs caused extraordinary long delays. One lawyer died, two did nothing, and two advocacy programs ran out of funding."

[Doc. 7 at 7] However, there is no "federal constitutional right to counsel in collateral proceedings" and, therefore, the inability to obtain legal assistance or the provision of ineffective legal assistance "is simply not an extraordinary circumstance that might warrant equitable tolling." *Weibly v. Kaiser*, 50 F. App'x 399, 402-03 (10th Cir. 2002) (rejecting the petitioner's argument that the doctrine of equitable tolling was applicable to the petitioner's § 2254 petition because "his attorney 'jumped ship'") (unpublished); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing" and that delays caused by the prison legal access program "does not relieve [petitioner] from the personal responsibility of complying with the law"); *Fogle v. Estep*, 220 F. App'x 814, 817 (10th Cir. 2007) (noting that the ineffective assistance of post-conviction counsel does not entitle a petitioner to equitable tolling) (unpublished). Even if extraordinary circumstances existed, the Court concludes that Petitioner has failed to fulfill his burden to articulate specific facts indicating that he has been pursuing his rights diligently for the past fifteen years. *See Mack v. Falk*, 509 F. App'x 756, 760 (10th Cir. 2013) (holding that the petitioner had failed to establish that he acted with due diligence because he "provided the district court with no indication as to how frequently he attempted to communicate with [his attorney], nor did he articulate the timing, frequency, or types of assurances he received that predicated his own inaction") (unpublished). Therefore, the doctrine of equitable tolling does not excuse the late filing of Petitioner's § 2254 petition.

The Court recognizes that a claim of actual innocence is not subject to the one-year limitation period in § 2244(d), *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010), and that Petitioner's § 2254 petition appears to allege that Petitioner actually is innocent of the crime of first degree murder, because the crime "was an impulse shooting without premeditation"

4

committed "during a sudden quarrel in the heat of passion." [Doc. 1 at 7] To raise a colorable claim of actual innocence, a petitioner must "support his allegations of constitutional error with *new reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added). "[A] petitioner does not meet the threshold requirement unless he persuades the district court in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. "Actual innocence claims focus on 'new' evidence—'relevant evidence that was either excluded or unavailable at trial.'" *Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) (unpublished). Petitioner's § 2254 petition fails to identify any new evidence that was either excluded or unavailable at trial[1] and, therefore, the Court concludes that Petitioner has failed to raise a colorable claim of actual innocence.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts. To be entitled to a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

---

[1] In his § 2254 Petition, Petitioner alleges that "[t]he state withheld crucial exculpatory evidence; A. .41 caliber revolver with knife attached for close combat . . . which was returned to victim's family two years before trial, and informed petitioner just shortly before trial." [Doc. 1 at 11] Because this evidence was made available to Petitioner before trial, it is not "new" evidence sufficient to support a colorable claim of actual innocence. *See United States v. Starr*, 275 F. App'x 788, 790 (10th Cir. 2008) (concluding that the petitioner's § 2255 petition was time-barred because his claim of actual innocence was "not based on 'new' evidence, but rather on evidence that could have been presented at trial. Any failure of counsel to adduce this evidence is more properly characterized as a claim for ineffective assistance of counsel, and such a claim is barred by the applicable limitations period.") (unpublished).

U.S. 322, 327 (2003). Reasonable jurists could not debate the Court's conclusion that Petitioner's § 2254 petition is untimely under § 2244(d)(1) and, therefore, a certificate of appealability will be denied.

IT IS THEREFORE ORDERED that Petitioner's § 2254 petition [Doc. 1] is DISMISSED with prejudice; a certificate of appealability is DENIED; and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE